UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESUS CALLES, on his own behalf, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>D'URSO LANDSCAPING, INC., CARMINE D'URSO, Individually, and CIRO D'URSO, Individually,<br><br>Defendants. | Civil Action No.:<br><br><br>COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff JESUS CALLES ("Calles" or "Plaintiff") on his own behalf and on behalf of all others similarly situated, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants, D'URSO LANDSCAPING, INC., and all other affiliated entities and/or joint employers ("D'Urso"), CARMINE D'URSO, individually ("Carmine"), and CIRO D'URSO, individually ("Ciro"), (collectively "Defendants") and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL"), and the New Jersey Wage Payment Law, 34:11-4 et. seq. ("NJWPL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated – who suffered damages as a result of Defendants' violations of the FLSA, pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

3. Beginning in at least August 2019, and continuing to date, Defendants engaged in a policy and practice of requiring Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and New Jersey state law.

4. The Plaintiff has initiated this action on behalf of himself and similarly situated employees to recover the overtime compensation that Plaintiff and similarly situated employees were deprived of, as well as liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Plaintiff's NJWHL and NJWPL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Plaintiff performed non-exempt landscaping services for the Defendants throughout New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the corporate Defendant was and remains an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage a landscape services company. Defendants purchase goods and materials from vendors in New Jersey as well as from other states

throughout the country. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

10. Plaintiff Jesus Calles is an adult individual who is a resident of Plainfield, New Jersey.

11. Plaintiff Calles was employed by Defendants as a landscape laborer performing duties in furtherance of Defendants' business, from in or about May 2022, through in or about the end of July 2023.

**Corporate Defendants**

12. D'urso is a New Jersey corporation, with its main business address listed as 76 Longview Terrace, Meyersville, NJ.

13. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor and services on behalf of Defendants.

**Individual Defendants**

14. Upon information and belief, individual Defendant Ciro is a New Jersey state resident.

15. Upon information and belief, at all times relevant to this Complaint, individual Defendant Ciro has been an owner, partner, officer and/or manager of Defendant **Error! No text of specified style in document.**D'Urso.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Ciro has had power over personnel decisions at the Defendant D'Urso's business.

3

17. Individual Defendant Ciro was regularly present at Defendants' business and job sites and managed the day-to-day operations, controlled the employee pay practices, and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

18. Upon information and belief, individual Defendant Carmine is a New Jersey state resident.

19. Upon information and belief, at all times relevant to this Complaint, individual Defendant Carmine has been an owner, partner, officer and/or manager of Defendant **Error! No text of specified style in document.**D'Urso.

20. Upon information and belief, at all times relevant to this Complaint, individual Defendant Carmine has had power over personnel decisions at the Defendant D'Urso's business.

21. Individual Defendant Carmine was regularly present at Defendants' business and job sites and managed the day-to-day operations, controlled the employee pay practices, and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

22. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

23. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## COLLECTIVE ALLEGATIONS

24. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

25. This action is brought on behalf of Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

26. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to pay Plaintiff and similarly situated employees' overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

27. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA, NJWHL, and NJWPL, by failing to pay Plaintiff and similarly situated employees' overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

28. The claims of the Plaintiff are typical of the claims of the putative class. The Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Plaintiff and putative class members thus have sustained similar injuries as a result of Defendants' actions.

29. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' landscape services business.

30. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

**FACTS**

31. Based upon the information preliminarily available, and subject to discovery, beginning from in or about approximately May 2022 through late July 2023 Defendants employed Plaintiff, and since August 2019, and continuing to date, Defendants employed members of the putative class to perform tasks in furtherance of their landscape services business.

32. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Plaintiff and similarly situated employees, for all overtime hours worked in a work week.

33. Defendants refused to pay Plaintiff and similarly situated employees' overtime for the hours that they worked in a work week in excess of forty (40) hours.

34. Plaintiff Calles was generally paid straight time for all hours that he worked, including his overtime hours.

35. Plaintiff Calles routinely worked six (6) day workweeks, Monday through Saturday.

36. Plaintiff Calles worked approximately eleven (11) to twelve (12) hours per day, and approximately seventy (70) hours per workweek.

37. Plaintiff rarely worked less than forty (40) hours in a workweek.

38. Regardless of the number of hours that Plaintiff worked each week in excess of forty (40), Defendants generally improperly paid Plaintiff his regularly hourly rate for all of his hours worked.

39. Plaintiff was rarely, if ever, paid time and one half for his hours worked over forty (40) in a workweek.

40. Upon information and belief, employees similarly situated to Plaintiff were also only compensated straight time for all hours worked, regardless of the fact that they too regularly worked in excess of forty (40) hours in a workweek.

41. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, NJWHL, and NJWPL, as described in this Complaint.

42. At all times material hereto, Plaintiff and all similarly situated employees were performing

their duties for the benefit of and on behalf of Defendants.

43. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL and NJWPL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for their hours worked in excess of forty(40) within a work week.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

44. Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

45. Plaintiff is entitled to compensation at one- and one-half times his regular rate of pay for each of his overtime hours worked each work week.

46. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

47. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

48. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

49. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

50. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

51. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

52. Defendants' aforementioned conduct is in violation of the NJWHL. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., the Defendants willfully failed to pay the Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

53. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## COUNT III
## RECOVERY OF COMPENSATION
## PURSUANT TO THE NJWPL

54. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

55. Defendants' aforementioned conduct is in violation of New Jersey State Wage Payment Law, N.J.S.A. 34:11- 4.1, et seq., in that the Defendants willfully failed to properly pay Plaintiff for all hours worked.

56. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

57. As a result of Defendants' violations, Plaintiff and similarly situated employees, are entitled to liquidated damages as directed pursuant to the NJWPL.

## **JURY TRIAL**

58. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff JESUS CALLES, on his own behalf and on behalf of all other similarly situated persons, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, attorneys' fees and costs;

(2) on their second cause of action, against Defendants in an amount to be determined at trial, liquidated and/or treble damages as permitted under the NJWHL, unpaid wages, attorneys' fees and costs as permitted under the NJWHL.

(3) on their third cause of action, against Defendants in an amount to be determined at trial, liquidated and/or treble damages as permitted under the NJWPL, unpaid wages, attorneys' fees and costs as permitted under the NJWPL.

(4) and for such other and further relief that this Court deems just and proper.

Dated: August 16, 2023     Respectfully submitted,

/s/ Andrew Glenn
Andrew Glenn, Esq.
E-mail: aglenn@jaffeglenn.com
Jodi J. Jaffe, Esq.
Email: jjaffe@jaffeglenn.com
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540

Tel: (201) 687-9977
Fax: (201) 595-0308